IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMANDA COOPER,                                              No.  3:21-cv-00086-YY

              Plaintiff,                                     ORDER

      v.

STATE OF OREGON, WASHINGTON
COUNTY, JASON JONES, Personally,
DAWN MONTES, Personally,
CHRISTINA STEPHENS, Personally,
JOHN & JANE DOES 1-5, Personally.

              Defendants.

HERNÁNDEZ, District Judge:

       Magistrate Judge You issued a Findings and Recommendation on October 25, 2021, in

which she recommends that this Court grant the State of Oregon's motion for summary judgment

on all claims, grant Washington County and individual Washington County Defendants' motion

to dismiss Plaintiff's claims under 42 U.S.C. § 1983, and remand the remaining state law claims

1 - ORDER

against Washington County Defendants to Washington County Circuit Court. F&R, ECF 24. The

matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil

Procedure 72(b).

Defendant State of Oregon filed timely objections to the Magistrate Judge's Findings and

Recommendation. Def. Obj., ECF 26. When any party objects to any portion of the Magistrate

Judge's Findings & Recommendation, the district court must make a *de novo* determination of

that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561

F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.

2003) (en banc).

Defendant State of Oregon agrees that summary judgment on all claims should be

granted in its favor. But the State objects to Judge You's finding that it is entitled to Eleventh

Amendment immunity. The State did not assert Eleventh Amendment immunity in its motion for

summary judgment because it believed it had waived sovereign immunity by consenting to

removal of the case from state court. *See Lapides v. Bd. of Regents of Univ. Sys. Of Ga.,* 535 U.S.

613, 623 (2002) (holding that "removal is a form of voluntary invocation of a federal court's

jurisdiction sufficient to waive" sovereign immunity). The Court finds that Defendant State of

Oregon waived, or at minimum, declined to assert sovereign immunity as an affirmative defense.

But because the Court has authority to raise the issue of sovereign immunity sua sponte, it adopts

the Magistrate Judge's finding on this matter and grants summary judgment for Defendant State

of Oregon on the basis of Eleventh Amendment sovereign immunity. *See Higgins v. Mississippi*,

217 F.3d 951, 954 (7th Cir. 2000) ("We conclude . . . that a federal court can raise an Eleventh

Amendment defense on its own initiative."); *Russell v. Lundergan-Grimes*, 784 F.3d, 1037, 1046

(6th Cir. 2015) (holding that courts can raise Eleventh Amendment immunity "*sua sponte* at any

stage in litigation, and, once raised . . . must be decided before the merits"). The Court

additionally finds that summary judgment for Defendant State of Oregon is warranted because

Plaintiff fails to allege any facts that demonstrate the State engaged in conduct that caused the

alleged harm to Plaintiff.

The Court has also reviewed the pertinent portions of the record *de novo* and finds no

error in the Magistrate Judge's Findings & Recommendation. The Court clarifies that Plaintiff's

claims for violation of her Fourth Amendment rights under 42 U.S.C. § 1983 are time-barred as

to both Washington County Defendants and State Defendants.

### CONCLUSION

The Court adopts Magistrate Judge You's Findings and Recommendation [24].

Therefore, Defendant State of Oregon's Motion for Summary Judgment [6] is GRANTED.

Washington County Defendants' Motion to Dismiss [10] is GRANTED as to Plaintiff's claims

under 42 U.S.C. § 1983. The Court remands Plaintiff's state law claims against Washington

County Defendants.

IT IS SO ORDERED.


DATED: ____January 5, 2022_____.



MARCO A. HERNÁNDEZ
United States District Judge